PHŒNIX MUTUAL LIFE INSURANCE CO. *v.* CLARK.

When the law of a case is fully, accurately, and clearly stated in instructions given to the jury, and each party has an opportunity in argument to apply the law to his view of the facts, it is not error of law for the court to refuse to instruct the jury on the application of the law to particular evidence.

A remark made to a juror during a trial by a person having no interest in the case, if it has no influence and does not affect the fairness of the trial, and the party gaining the verdict is not responsible for it, is not a cause for a new trial.

REVIEW of the action of debt on a bond, reported in 58 N. H. 164. Plea, *non est factum*, and a brief statement that the defendant's signature was obtained by fraud. Dudley was an agent of the plaintiff, and the bond was signed by Dudley as principal, and by Moore, and the defendant, and two others, as sureties; and the signatures were not denied. The condition of the bond was to pay the past and future indebtedness of Dudley to the plaintiff. To instructions given the jury, and a refusal to give instructions requested, the defendant excepted.

Moore, one of the sureties, was the plaintiff's general agent in New Hampshire, and was a member of the Young Men's Christian Association, and an important witness for the plaintiff; and it was his conduct that the defendant contended was fraudulent. At a recess during the trial, a deputy sheriff said to F., one of the jurors trying the case, in the presence of T., another juror, that he did not see how they happened to let him (F.) be on the jury. F.

asked, Why?—and the officer replied, "Because you are a member of the Young Men's Christian Association." Both jurors were members of that association, and F. knew that Moore was a member. From the officer's remark, T. inferred that Moore was a member, and that his membership was the reason why the officer thought the defendant would object to F. being of the jury. Good character is required for admission to the association. Neither of the jurors was influenced in the decision of the case by what the officer said. He mentioned the subject casually, without any purpose or interest to influence anybody; and there was no fault or knowledge relating to the affair on the part of the plaintiff. Verdict for the plaintiff, and motion of the defendant for a new trial.

*C. R. Morrison*, for the defendant.

*Lane, Mugridge*, and *Rand*, for the plaintiff.

Doe, C. J. The instructions given to the jury were sufficiently favorable to the defendant. They laid down the general doctrine of fraud, so far as it was relevant, with at least as much specific application to the evidence as the defendant had a right to require. The instructions requested, so far as they differ from those given and could have been given without error of law, were calculated to call particular attention to some of the defendant's evidence, and to make such a presentation of it to the jury as counsel could make, and the court was not bound to make. The law of the case was fully, accurately, and clearly stated in the charge; and the defendant does not complain that he had not abundant opportunity, in argument, to apply the law to his view of the testimony. It does not appear that the jury failed to make a correct application of the law; and if such an error of the jury appeared, it could not be corrected on these exceptions, which show no error on the part of the court.

The plaintiff is not responsible for what the officer said to the juror; and what he said was not injurious to the defendant. It had no influence, and did not affect the fairness of the trial. The officer should be cautioned, but there is no cause for a new trial. *McIlvaine* v. *Wilkins*, 12 N. H. 474; *State* v. *Ayer*, 23 N. H. 301, 320; Proffatt Jury Trial, ss. 390, 391, 392.

*Judgment on the verdict.*

Bingham, J., did not sit: the others concurred.